UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tiesha Evans, | ) C/A No.  4:22-1150-TLW-TER |
| | ) |
| Kathy Reaves, | ) |
| *a/k/a Kathy Juanita Reaves,* | )          ORDER |
| Plaintiffs, | ) |
| vs. | ) |
| | ) |
| April Leroy, Officer McColl, Chief Allen Heidler, | ) |
| Richard O'Malley, Hall Ross, Molly Spearman, | ) |
| Teresa Myers Ervin, K. G. Smith, Jr., | ) |
| Mark Keel, Henry McMaster, Christopher Wray, | ) |
| Defendants. | ) |
| _____ | ) |

Plaintiffs are alleged to be the mother and grandmother of minor child M.R. (ECF No. 1). Allegations involve an incident on a bus in November 2021 about an altercation and M.R. was suspended off the bus for 45 days allegedly and a separate incident in April 2022 where M.R. was alleged by law enforcement to be planning on bringing a gun to school. Mother and grandmother of M.R. are attempting to proceed *pro se*. Plaintiffs allege M.R.'s rights to educational opportunity were denied. (ECF No. 1).

The Fourth Circuit Court of Appeals has held: "To ensure minors' rights are vigorously and competently protected, we have squarely held that non-attorney parents are barred from representing their children in federal court." *M.D. v. Sch. Bd. of City of Richmond*, 560 Fed. Appx. 199, 202 (4th Cir. 2014). "The right to litigate for oneself, however, does not create a coordinate right to litigate for others." *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005). A minor's rights are best protected by the opportunity to retain counsel. *M.D.*, 560 Fed. Appx. at 203. Courts within the Fourth Circuit have consistently required parents to secure counsel to litigate claims asserted on behalf of a minor child. *See B.D. ex rel. Dragomir v. Griggs*, No. 1:09-cv-439, 2010 WL 2775841, at *5 (W.D. N.C. July 13, 2010), *aff'd*, 419 Fed. Appx. 406 (4th Cir. 2011); *Bernard v. Sch. Bd. of Norfolk*, 58 F. Supp. 2d 669, 674 (E.D. Va. 1999);  *Catharine W. v. Sch. Bd. of Va. Beach*, No. 2:17-cv-645, 2018 WL 4474688, at *5 (E.D. Va. Sept. 4, 2018).

Plaintiffs are given 45 days[1] to secure counsel for minor child M.R.

Further, it is apparent that Plaintiffs as mother and grandmother have no standing as the alleged injuries are against M.R., the minor. *See Raines v. Byrd*, 521 U.S. 811, 819 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to have standing, the plaintiff must have

_____

[1] This is in consideration of the minor's rights; however, it is also within the discretion of this court to outright summarily dismiss this action without prejudice. *See Norman v. Greenwood County School District 52,* No. 8:13-cv-421-TMC, 2013 WL 1281926 (D.S.C. Mar. 4, 2013).

suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way"); *In re Mutual Funds Inv. Litig.*, 529 F.3d 207, 216 (4th Cir. 2008) (to possess constitutional standing, a plaintiff must be injured by the defendant, and a federal court must be able to redress the injury). A lack of standing is a lack of subject matter jurisdiction over this action. *Myers v. AT & T Corp.*, No. 2:13-CV-1432-RMG, 2013 WL 4823282, at *2 (D.S.C. Sept. 9, 2013).

Plaintiffs must place the civil action number listed above on any document provided to the court pursuant to this Order. **Any future filings by Plaintiff in this case must be sent to the address below: (Post Office Box 2317, Florence, South Carolina 29503).** All documents requiring Plaintiff's signature shall be signed with Plaintiff's full legal name written in Plaintiff's own handwriting. *Pro se* litigants, such as Plaintiff, shall not use the "s/typed name" format used in the Electronic Case Filing System. In all future filings with this Court, Plaintiff is directed to use letter-sized (8½ inches by 11 inches) paper only, to write or type text on one side of a sheet of paper only and not to write or type on both sides of any sheet of paper. Plaintiff is further instructed not to write to the edge of the paper, but to maintain one-inch margins on the top, bottom, and sides of each paper submitted.

> Plaintiffs are a *pro se* litigants. Attention is directed to the following important notice: You are ordered to always keep the Clerk of Court advised in writing (**Post Office Box 2317, Florence, South Carolina 29503**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. **If as a result of your failure to comply with this Order, you fail to meet a deadline set by this Court, <u>your case may be dismissed for violating this Order.</u>** Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address and providing the Court with the docket numbers of all pending cases you have filed with this Court. Your failure to do so will not be excused by the Court.

**TO THE CLERK OF COURT**:
The Clerk shall mail a copy of this Order to Plaintiffs. If Plaintiffs fail to comply within the period prescribed in this Order, the Clerk of Court shall forward the file to the assigned Magistrate Judge for Report and Recommendation that the assigned District Judge dismiss the case without prejudice. *See In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA. The Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff unless that person is an attorney admitted to practice before this court who has entered a formal appearance.

IT IS SO ORDERED.

s/ Thomas E. Rogers, III

April 14, 2022                                          Thomas E. Rogers, III
Florence, South Carolina                     United States Magistrate Judge

2